IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH A. SANDS, | ) | CASE NO. 1:14 CV 251 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| K. EDENFIELD, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Joseph A. Sands for a writ of habeas

corpus under 28 U.S.C. § 2254.[2] Sands was recently incarcerated by the United States at the

Federal Correctional Institution at Manchester, Kentucky, where he was serving a sentence

for a federal conviction.[3] In the present petition, he challenges his 2006 conviction in the

Lake County (Ohio) Common Pleas Court on multiple charges arising from a plot to kill

several local officials.[4]

---

[1] The matter was referred to me pursuant to Local Rule 72.2 by United States District Judge Jeffrey J. Helmick in a non-document order entered on June 16, 2014.

[2] ECF # 1.

[3] *See*, ECF # 7 at 2. Sands was released from federal custody on January 16, 2015, when he was to begin serving his sentence imposed by an Ohio court on the conviction underlying this petition. *See*, ECF #s 13, 15, 17.

[4] ECF # 1.

The State has moved to dismiss this matter as time-barred,[5] to which Sands has responded.[6]

For the reasons set forth below, I will recommend that the State's motion be granted and that this matter be dismissed.

## Facts

For purposes of adjudicating the State's motion, the relevant facts are brief and not in dispute.

In 2006 an informant contacted Madison Township police to inform them that Sands and his girlfriend were planning to throw pipe bombs loaded with shrapnel into the homes of the township's mayor and prosecuting attorney, which actions would then be followed a year later by shooting a local judge.[7] After an investigation involving the FBI and the Treasury Department's Bureau of Alcohol, Tobacco and Firearms, which included continued surveillance of the conspirators and the recording of multiple conversations, Sands was arrested after purchasing fifteen feet of ignition wick and a two-way radio.[8] A search of his home and business produced a length of galvanized steel pipe, four threaded blasting caps,

---

[5] ECF # 7.

[6] ECF # 9.

[7] ECF # 7-1 (state court record), at 156-57.

[8] *Id.*, at 159-60.

a container of smokeless gunpowder, large quantities of ammunition, as well as several rifles, shotguns, and handguns.[9]

Sands was indicted, tried, and convicted of multiple counts of engaging in a pattern of corrupt activity, conspiracy to commit aggravated murder, and conspiracy to commit aggravated arson.[10] On December 11, 2006, the trial court sentenced Sands to an aggregate term of 20 years in prison.[11]

Sands, through counsel, then timely[12] appealed his conviction and sentence to the Ohio appeals court.[13] After new, retained counsel entered an appearance and briefed seven assignments of error,[14] and the State filed a responsive brief,[15] the Ohio appeals court overruled all the assignments of error and affirmed the judgment of the trial court on December 31, 2008.[16]

Sands, however, failed to timely appeal this decision to the Supreme Court of Ohio. In fact, it was not until nearly two years later, or September 27, 2010, that Sands, through

---

[9] *Id.*

[10] *Id.*, at 163.

[11] *Id.*, at 48.

[12] Sands filed the notice of appeal on January 10, 2007, or less than 30 days after the trial court entered the judgment of conviction.

[13] ECF # 7-1, at 51.

[14] *Id.*, at 57.

[15] *Id.*, at 102.

[16] *Id.*, at 155.

-3-

new counsel, sought leave to file a delayed appeal with the Ohio Supreme Court.[17] The State

filed a brief in opposition,[18] and on December 1, 2010, the Supreme Court of Ohio denied the

motion and dismissed the case.[19]

Subsequent to that decision, Sands, *pro se*, filed an untimely petition to vacate or set

aside his conviction[20] and an untimely application to re-open his appeal.[21] In neither case did

Sands pursue the claim through an appeal to the Ohio Supreme Court.[22]

Sands filed the present petition for federal habeas relief on January 30, 2014 – or

approximately five years after his 2006 conviction became final upon the expiration of the

45-day period for perfecting an appeal to the Ohio Supreme Court from the December 31,

2008, decision of the appeals court.[23] Thus, the State argues, absent any tolling, Sands's

AEDPA one-year limitations period expired on February 14, 2010.[24]

---

[17] *Id.*, at 200.

[18] *Id.*, at 261.

[19] *Id.*, at 265.

[20] *Id.*, at 266.

[21] *Id.*, at 349.

[22] *See*, ECF # 7 at 9-10.

[23] *Id.* at 12 (citing Ohio S. Ct. Prac. R. 7.01 (A)(1)(a)(i)).

[24] *Id.*

# Analysis

**A.    Relevant law**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[25] a person in custody under a judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[26]

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state postconviction relief or other collateral review. A state application for postconviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules

---

[25] Pub. L. No. 104-132, 110 Stat. 1214.

[26] 28 U.S.C. § 2244(d)(1).

governing filings," such as those prescribing the time limits for filing.[27] State postconviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2).[28]

"The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run."[29] Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.[30]

Moreover, the AEDPA's statute of limitations is subject to equitable tolling,[31] "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control."[32] Equitable tolling is granted "sparingly."[33] A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights

---

[27] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

[28] *See*, *Allen v. Seibert*, 552 U.S. 3, 5-6 (2007) (per curiam); *see also*, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).

[29] *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

[30] *Id.*

[31] *See*, *Holland v. Florida*, 560 U.S. 631, 646 (2010).

[32] *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), cert. denied, 133 S. Ct. 187 (2012).

[33] *Id.* (quoting *Robertson*, 624 F.3d at 784).

-6-

diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."[34] Although the Sixth Circuit previously used a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland v. Florida*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply.[35]

**B.    Application of relevant law – the petition should be dismissed as untimely.**

Here, Sands does not dispute the time calculations of the State, but argues that he is both entitled to equitable tolling and that he is actually innocent.

As to equitable tolling, Sands contends that he was diligently pursuing his rights during the year between February 2009, when his direct appeal should have been filed with the Ohio Supreme Court, and September 2010, when he filed the motion in that court for a delayed appeal. He maintains that during this period he was actively looking for an attorney to take his case and that it took until September 2010 to locate counsel.[36] He further argues that any defaults or delays in filing his post-conviction motions should be attributed to the failure of his appellate counsel to file an appeal with the Ohio Supreme Court.[37]

It is well-settled that there is no right to counsel for an appeal to the Ohio Supreme Court. Contrary to Sands's assertion that this is part of the direct appeal process that involves

---

[34] *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also*, *Pace*, 544 U.S. at 418.

[35] *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir. 2011), cert. denied, 132 S. Ct. 456 (2011)).

[36] ECF # 9 at 10.

[37] *Id.* at 8.

a right to counsel, any appeal to the Ohio Supreme Court in a criminal proceeding is a discretionary appeal and thus does not involve any right to counsel.[38] Thus, inasmuch as Sands had no right to the assistance of counsel in his appeal to the Supreme Court of Ohio, there can be no claim that he was denied effective assistance of counsel in this regard.

Moreover, Sands's arguments concerning his diligence to identify and retain a new Ohio attorney to cover only the period between 2009 and 2010 do not provide a reason to excuse his inaction in pursuing his federal habeas claim until 2014. As noted, he cannot now assert that the purported ineffectiveness of his Ohio counsel in not timely filing an appeal with the Ohio Supreme Court also somehow excuses any subsequent failures and defaults in bringing a timely federal habeas action.

Finally, although Sands asserts that his lack of timeliness can be excused because he is actually innocent of the RICO and conspiracy charges against him, he has not provided any credible, new evidence not provided at trial to support that conclusion. Instead, Sands maintains that his innocence is established by the existing record which, he argues, shows that the prosecution misapplied the law to his case.[39] In short, Sands merely argues that he

---

[38] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal as of right, and no further."); *Ross v. Moffitt*, 417 U.S. 600, 610-12 (1974) (right to appellate counsel does not extend to discretionary appeals to the state's highest court).

[39] ECF # 7 at 5.

is legally innocent, which is not sufficient to establish a claim of factual innocence and so excuse any procedural default.[40]

Thus, Sands has failed to articulate any external extraordinary circumstances that precluded him from timely filing for federal habeas relief and further failed to set forth any credible claim of actual innocence.

## Conclusion

Accordingly, because, as set forth above, the facts show that the present petition is untimely and that this untimeliness is not excused, I recommend that the petition of Joseph A. Sands for a writ of habeas corpus be dismissed.

Dated: February 12, 2015            s/ William H. Baughman, Jr.
                                          United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[41]

---

[40] *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924 (2013).

[41] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).